UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WAYNE R. WERTH, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 18-1171 (EGS) |
| U.S. DEPARTMENT OF JUSTICE *et al*., | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

In June 2018, plaintiff, a federal prisoner appearing *pro se*, filed this action to compel the United States Marshals Service to respond to his Freedom of Information Act ("FOIA") request for documentation concerning materials he allegedly lost during an airlift. In light of the complaint, the Marshals Service conducted a search, released one of eighty-nine potentially responsive records, and moved for summary judgment. Initially, the Court denied summary judgment because the record raised questions about the declarant's competency to testify about the matters at hand. *See* ECF No. 21, Mem. Op. and Order at 4-5 (finding "nothing" to suggest that Defendant's declarant "coordinated the search, conducted the search, or reviewed the 89 potentially responsive pages and determined one to be responsive"). Pending before the Court is Defendants' Renewed Motion for Summary Judgment, ECF No. 24. Plaintiff "waives his right

1

to respond" to the motion. Resp. to Order, ECF No. 26.[1] For the following reasons, defendants' motion will be granted.

The background and legal framework are set forth in the court's initial ruling and bear no repeating here. That said, the Court must "determine for itself whether the record and any undisputed material facts justify granting summary judgment." *Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 505 (D.C. Cir. 2016) (internal quotation marks and citation omitted)).

Defendants have supplemented the record with the Declaration of Associate General Counsel Charlotte Luckstone ("Luckstone Decl."), who serves as the FOIA/PA Officer for the Marshals Service. Luckstone Decl. ¶ 1, ECF No. 22-1. By his waiver, plaintiff admits that the Service (1) conducted a reasonably adequate search for responsive records and (2) released "the sole page relating to Plaintiff's property at the airlift—a Field Report pertaining to a property inquiry." Stmt. of Undisputed Material Facts ("SOMF") ¶ 21; *see* Luckstone Decl. ¶¶ 8-17 (describing search and retrieval methods). In addition, the Service properly invoked FOIA Exemption 6 to redact the identifying information of two law enforcement personnel.[2] SOMF ¶ 23; *see* 5 U.S.C. § 552(b)(6) (exempting "personnel" files from disclosure); *Nat'l Ass'n of Retired Fed. Employees v. Horner*, 879 F.2d 873, 875 (D.C. Cir. 1989) (because FOIA disclosures are to "the whole world," the "privacy interest of an individual in avoiding the unlimited disclosure of his or her name and address is significant"). Therefore, the Court may

---

[1] Plaintiff's response is to the order duly advising him about the consequences of failing to respond to defendant's dispositive motion. *See* Order, ECF No. 25.

[2] The Court need not address defendants' withholding of the same identifying information under FOIA Exemption (7)(C) but finds it properly justified. *See* Defs.' Mem. at P. & A at 7-11, ECF No. 24-2.

appropriately grant summary judgment to the defendants.  A separate order accompanies this Memorandum Opinion.

                                                SIGNED:     EMMET G. SULLIVAN
                                                UNITED STATES DISTRICT JUDGE

Date: December 3, 2020